**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JUDICIAL WATCH, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 11-2140 (RC) |
| | : | | |
| v. | : | Re Document No.: | 11 |
| | : | | |
| U.S. DEPARTMENT OF ENERGY *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**DENYING WITHOUT PREJUDICE DEFENDANT DEPARTMENT OF ENERGY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**I. INTRODUCTION**

This matter comes before the court on one defendant's motion for judgment on the pleadings. The plaintiff is a not-for-profit organization that filed requests for documents with the defendant government agencies, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. According to the plaintiff, the Department of Energy ("defendant") has not fully produced responsive documents and is thereby unlawfully withholding records. In response, the defendant moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Because the court does not have sufficient information to resolve the exhaustion issue, the defendant's motion is denied without prejudice.

**II.  FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND[1]**

The plaintiff is a not-for-profit organization that sent the defendant a FOIA request on September 6, 2011, seeking access to records regarding Solyndra LLC and other entities. Compl. ¶¶ 3, 5. On September 12, 2011, the defendant sent the plaintiff a letter stating that the request had been

---

[1] When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true the plaintiff's version of events. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

assigned a "controlled number," and that the defendant would send a subsequent letter either informing the plaintiff that further information was required, or indicating that the request had been "assigned [in order] to conduct a search for responsive documents." *Id.* ¶ 6; Def.'s Mot., Ex. 2, at 8.[2] The following day, September 13, the plaintiff received a second letter from the defendant, which said that the plaintiff's FOIA request had been assigned to the defendant's Loan Program Office to conduct a search for responsive documents, and that upon completing the search and reviewing the resulting documents, a final response would be sent to the plaintiff. Def.'s Mot., Ex. 2, at 9. On October 7, 2011, the plaintiff received two compact discs containing records responsive to its FOIA request, as well as a letter stating that additional responsive documents existed and that they were being reviewed in preparation for public release. Compl. ¶ 11.

In December of 2011, the plaintiff brought suit against the defendant in this court. The plaintiff asserts that the defendant has yet to provide it with a full production of documents, and that the defendant has failed to comply with the statutory time limits to send the plaintiff a response regarding its request. Compl. ¶¶ 10-11. In response, the defendant has filed a motion for judgment on the pleadings, contending that the plaintiff has not exhausted its administrative remedies. *See generally* Def.'s Mot. The court now turns to the parties' arguments and the applicable legal standards.

### III. ANALYSIS

#### A. Legal Standard for a Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The moving party must show that no material issue of fact remains to be solved and that it is entitled to judgment as a matter of law. *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n.11

---

[2]  Although the letters that the plaintiffs received fall outside of the pleadings, the court can nonetheless consider them here because they are incorporated by reference in the complaint. Compl. ¶¶ 6-8; *see MCI Commc'ns, Inc. v. FDIC*, 808 F. Supp. 2d 24, 28 (D.D.C. 2011).

(D.C. Cir. 1987), *overruled on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006).  When considering a Rule 12(c) motion, the court will accept as true the allegations in the non-moving party's pleadings, and will draw all reasonable inferences in that party's favor.  *Haynesworth*, 820 F.2d 1249 n.11.

The standard for reviewing a motion for judgment on the pleadings is "virtually identical" to that applied under Rule 12(b)(6).  *Id.* at 1254; *see also Qi v. FDIC*, 755 F. Supp. 2d 195, 199 (D.D.C. 2010) ("The analysis of a Rule 12(c) motion is essentially the same as that for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.").  "To survive a[ Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007).  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (citing *Twombly*, 550 U.S. at 556).

### B. Exhaustion of Administrative Remedies Under the Freedom of Information Act

Exhaustion of administrative remedies is "required . . . before a party can seek judicial review" in FOIA cases.  *Dettmann v. United States Dep't of Justice*, 802 F.2d 1472, 1477-78 (D.C. Cir. 1986); *see also Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2004) (per curiam). This requirement allows agencies the "opportunity to exercise [their] discretion and expertise on the matter and to make a factual record to support [their] decision."  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).  In addition, exhaustion enables the "top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review."  *Id.*

For FOIA cases, exhaustion is governed by the procedure that an agency follows when responding to an information request.  The Freedom of Information Act requires that within twenty

days of receiving a FOIA request, an agency must make a determination as to whether it will comply with the request and must notify the requestor of this determination. 5 U.S.C. § 552(a)(6)(A)(i); *Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003). Specifically, the agency's response should include its "determination of whether or not to comply with the request[,] the reasons for its decision[,]" and if the decision is adverse, notice of the requestor's right "to appeal to the head of the agency." *Oglesby*, 920 F.2d at 65.

Given that framework, a plaintiff can exhaust its administrative remedies either "actually" or "constructively." *Porter v. CIA*, 579 F. Supp. 2d 121, 126 (D.D.C. 2008) (citing *Spannaus v. Dep't of Justice*, 824 F.2d 52, 59 (D.C. Cir. 1987)). Actual exhaustion requires that once a FOIA request has been denied, the plaintiff must "utilize the administrative appeals process" before bringing suit. *Rossotti*, 285 F. Supp. 2d at 26. This process includes appealing to the agency itself and awaiting its decision. *Bruzon*, 576 F. Supp. 2d at 3. By contrast, constructive exhaustion functions as "[a]n exception to the general rule requiring actual exhaustion." *Id.* If the agency fails to notify the requestor of its determination within twenty days of the request being filed, a plaintiff "shall be deemed to have constructively exhausted [its] administrative remedies" and can file suit. *Id.* Yet if the agency responds after the twenty-day requirement, but before the plaintiff files suit, constructive exhaustion has not occurred and the plaintiff must use the administrative appeals process to actually exhaust its administrative remedies. *Id.*

The plaintiff asserts that it has constructively exhausted its administrative remedies. Pl.'s Opp'n at 5-6. It contends that because the defendant has not completed its search for responsive records, the response that the defendant sent to the plaintiff was "preliminary to any determination to comply with the request." *Id.* at 6. Thus, the plaintiff contends, the defendant did not send its determination within the statutory twenty-day period, and the plaintiff has therefore constructively exhausted its administrative remedies. *Id.* The defendant counters that an agency's response to a

4

FOIA request need only include an indication of whether the agency intends to comply, not a complete production of responsive records. Def.'s Mot. at 8.

After an agency receives a FOIA request, "[a]ll that is required to satisfy [the statute] in this [C]ircuit is 'a reply from the agency indicating that it is responding to [the] request.'" *Love v. FBI*, 660 F. Supp. 2d 56, 59 (D.D.C. 2009) (quoting *Oglesby*, 920 F.2d at 61); *Petit-Frere v. U.S. Attorney's Office for S.D. of Fla.*, 664 F. Supp. 2d 69, 71 (D.D.C. 2009). In other words, the statute "only requires a response to a FOIA request within the [twenty]-day period, not production of the requested documents." *Navistar, Inc. v. U.S. EPA*, 2011 WL 3743732, at *4 (D.D.C. Aug. 25, 2011); *see also Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n*, 839 F. Supp. 2d 17, 25 (D.D.C. 2011) (stating that the statute "does not require the . . . agency to respond and produce responsive documents within twenty days in order to [necessitate actual] exhaustion of administrative remedies").

Here, the defendant sent the plaintiff two letters in September, both within twenty days of receiving the FOIA request. The letters stated that the request had been assigned to conduct a search for responsive documents. Def.'s Mot., Ex. 2, at 8-9.[3] Because the defendant's subsequent October 7 letter produced responsive information and withheld other information based on FOIA exemptions, the court need not determine whether either of the September letters constitute "adequate and timely responses . . . for constructive exhaustion purposes." *Oglesby*, 920 F.2d at 69.

As mentioned previously, if an agency sends the requestor a response after the twenty-day period, but before the requestor files suit, constructive exhaustion does not apply and the plaintiff must still actually exhaust its administrative remedies before bringing an action in court. *Rossotti,* 326 F.3d at 1310; *Petit-Frere*, 664 F. Supp. 2d at 72. Because the defendant here produced some responsive records in October of 2011, before the plaintiff brought suit in December of 2011, the defendant

---

[3] Although the letters that the plaintiffs received fall outside of the pleadings, the court can nonetheless consider them here because they are incorporated by reference in the complaint. Compl. ¶¶ 6-8; *see MCI Commc'ns, Inc. v. FDIC*, 808 F. Supp. 2d 24, 28 (D.D.C. 2011).

"cured" any alleged initial failure to timely respond. *Citizens for Responsibility and Ethics in Washington*, 2011 WL 6880679, at *7.

But the plaintiff contends that because the defendant's response failed to notify the plaintiff of its right to administratively appeal the agency decision, constructive exhaustion has occurred. Pl.'s Opp'n at 6. The court is not satisfied with the parties' scant briefing on the issue of whether the October 7 letter's failure to include a notice of the right to appeal makes the letter inadequate to trigger the plaintiff's requirement to file an administrative appeal. Consequently, the court denies the defendant's motion for judgment on the pleadings without prejudice to refiling it with further briefing on this issue.

## IV. CONCLUSION

For the foregoing reasons, the court denies the defendant's motion for judgment on the pleadings without prejudice to refiling it with further briefing on this issue. An order consistent with this Memorandum Opinion is issued this 31st day of August, 2012.

                                              RUDOLPH CONTRERAS
                                              United States District Judge